**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael S Entzminger,<br><br>Plaintiff,<br><br>v.<br><br>Flannel Damage Holdings LC, et al.,<br><br>Defendants. | No. CV-16-04551-PHX-DLR<br><br>**ORDER** |

Plaintiff Michael Entzminger filed this action in December 2016 alleging a number of claims arising from a real estate investment gone awry. (Doc. 1.) Defendants Rex Baldwin (Rex) and Blue Danube LC (Blue Danube) have moved to dismiss the claims against them pursuant to Federal Rules of Civil Procedure 12(b)(2) and (6). (Doc. 17.) The motion is fully briefed and no party requested oral argument or an evidentiary hearing. For the following reasons, the Court finds that personal jurisdiction over Rex and Blue Danube is lacking and therefore dismisses the claims against them.[1]

**I. Background**

Entzminger, an Arizona resident, entered into an investment agreement with Defendant Flannel Damage Holdings LC (Flannel), a Utah limited liability company, in March 2016. (Doc. 1 ¶¶ 1-2, 11-12.) Flannel's only three members are Defendants

---

[1] Having determined that it lacks jurisdiction over Rex and Blue Danube, the Court declines to weigh in on the sufficiency of the allegations against them.

Richard Pupunu, Malohi Capital Enterprises LLC (Malohi), and Blue Danube. (¶¶ 13-15.) Pupunu is Flannel's managing member, and also is the sole member and manager of Malohi, a Utah limited liability company. (¶¶ 3, 5, 13.) Likewise, Blue Danube is a Utah limited liability company, and its sole manager and member is Rex, a Utah citizen. (¶¶ 4, 7, 14.)

Pursuant to the agreement, Entzminger invested money in Flannel for the purchase and resale of residential property and, in exchange, Flannel agreed to make monthly interest payments to Entzminger and to give him a portion of net profits from the sale of each property. (¶¶ 17-18, 21, 24-25, 36, 37-38.) At the time the Agreement was executed, Pupunu and Defendant Richard Baldwin (Richard) signed a guaranty, in which they guaranteed repayment of Entzminger's investment. (¶ 27.) Entzminger alleges that Rex signed the guaranty as a witness, but Rex contends that his signature was forged. (¶ 28; Doc. 17-1 ¶ 10.)

Entzminger agreed to invest in Flannel because Richard, who Entzminger has known personally for several years, misrepresented that he was Flannel's managing member and would be in control of the investment funds. (Doc. 1 ¶¶ 44-46.) In reality, Richard is Rex's son, but is not a member of Flannel, Malohi, or Blue Danube. (¶¶ 6, 47; Doc. 17-1 ¶ 14.) Entzminger had no prior relationship with Pupunu, Rex, Blue Danube, or Malohi, and claims he would not have invested had he known that Richard was not affiliated with Flannel. (Doc. 1 ¶ 46.)

When Flannel failed to repay the agreed-upon amounts, Entzminger filed this lawsuit. (¶¶ 23, 41, 43.) As relevant here, Entzminger alleges that Rex conspired with Richard and Pupunu to defraud him, and that Rex and Blue Danube aided and abetted Richard's fraud, acted negligently, and were unjustly enriched by Richard's wrongful conduct. (¶¶ 102-126.) Rex and Blue Daube have moved to dismiss the claims against them for lack of personal jurisdiction. (Doc. 17.)

**II. Legal Standard**

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction,

the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). To do so, the plaintiff must show both that the forum state's long-arm statute confers jurisdiction over the non-resident defendant and that the exercise of jurisdiction comports with due process. *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 269 (9th Cir. 1995).

Where, as here, the state's long-arm statute confers jurisdiction co-extensive with the limits of the due process clause, the two inquiries merge and the court need consider only whether the exercise of jurisdiction comports with due process. *Id.*; *Doe v. Am. Nat. Red Cross*, 112 F.3d 1048, 1050 (9th Cir. 1997); Ariz. R. Civ. P. 4.2(a). The exercise of jurisdiction comports with due process when the non-resident defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation and citation omitted).

If the non-resident defendant's "motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts." *Schwarzenegger*, 374 F.3d at 800 (internal quotations and citation omitted). At this stage, the court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977). Uncontroverted allegations in the complaint, however, "must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in [the plaintiff's] favor for purposes of deciding whether a prima facie case for personal jurisdiction exists." *Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588-89 (9th Cir. 1996) (internal quotations and citations omitted).

**III. Discussion**

Personal jurisdiction can be either general or specific. General personal jurisdiction exists where the non-resident defendant has continuous and systematic contact with the forum. *Schwarzenegger*, 374 F.3d at 801. "This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled

into court in the forum state to answer for any of its activities anywhere in the world." *Id.* "When a defendant's contacts with the forum do not rise to the level required for general jurisdiction, a court may exercise specific jurisdiction over a claim when it arises from the defendant's activities within that forum." *Compass Fin. Partners LLC v. Unlimited Holdings, Inc.*, No. CV 07-1964-PHX-MHM, 2008 WL 2945585, at *2 (D. Ariz. July 2, 2008).

Here, there is no indication that Rex and Blue Danube had continuous and systematic contact with Arizona, and Entzminger argues only that they are subject to specific personal jurisdiction. The Court employs a three-prong test to determine whether specific personal jurisdiction exists:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802. The plaintiff bears the burden on the first two prongs, and a failure to satisfy either is fatal. *Id.* But "[i]f the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable." *Id.* (internal quotations and citation omitted). Specific personal jurisdiction over Rex and Blue Danube is lacking because Entzminger has not satisfied the first prong.

In support of his motion to dismiss, Rex submitted an affidavit discussing Blue Danube, his relationship with Pupunu, Flannel, and Richard, and his contacts with Arizona. (Doc. 17-1.) According to his affidavit, Rex is a neonatal nurse practitioner in Utah, where he has lived for most of his life. (¶¶ 2, 11.) He has never lived, owned real property, or done business in Arizona, has no agents or personal property in Arizona, and

has no physical presence in Arizona. (¶¶ 3-7.) Rex formed Blue Danube in November 2015 to explore opportunities for marketing genetic testing, but ultimately did nothing more with it. (¶ 13.) Consequently, Blue Danube has no bank accounts, has done no business, and Rex has received no funds or other benefits from the company. (*Id.*) Rex has never been involved in real estate investments and has no knowledge of Richard's activities in Arizona. (¶¶ 11, 14.) He avows that he did not witness the guaranty appended to Entzminger's complaint, and that the signature ascribed to him is not his. (¶ 10.) Rex further states that, before being served with the complaint in this case, he had never met Pupunu and had never met or spoken with Entzminger. (¶¶ 8-9.)

Entzminger submits no controverting affidavits. Instead, he relies solely on the allegations in his complaint and the exhibits thereto, and argues that Flannel's forum-related contacts should be imputed to Rex and Danube for purposes of establishing specific personal jurisdiction because "Flannel is nothing more than the alter ego of Danube" and Danube is simply the alter ego of Rex. (Doc. 27 at 6-7.) This argument is flawed for at least two reasons.

First, the mere fact that Danube is a member of a limited liability company with forum-related contacts is insufficient to establish specific personal jurisdiction over it. *See Compass*, 2008 WL 2945585, at *4 ("[T]he fact that Defendant is a member of a limited liability company that owns property in Arizona is not sufficient in itself to subject Defendant to personal jurisdiction.").

> Jurisdiction does not arise vicariously, and the mere fact of passive ownership does not confer jurisdiction; nor does the fact that LLC members may indirectly derive economic benefits from the foreign limited liability company's activities in the forum state. To be subject to the forum court's jurisdiction, a member's own activities must satisfy the minimum contacts test.

C. Biship & D. Kleinberger, *Limited Liability Companies: Tax and Business Law Current Through 2006*, ¶ 6.08, 1998 WL 1169401, at *2 (2006). Further, Rex's relationship with Flannel is even more attenuated, as he is merely a member of a limited liability company (Danube) that is a member of another limited liability company (Flannel) with forum-

- 5 -

related contacts.

Second, the allegations in Entzminger's complaint do not support his alter ego theory. Under Arizona law, the corporate form may be disregarded "when the corporation is the alter ego or business conduit of a person, and when to observe the corporation would work an injustice." *Dietel v. Day*, 492 P.2d 455, 457 (Ariz. Ct. App. 1972). This may occur where there is "such unity of interest and ownership that the separate personalities of the corporation and owners cease to exist" or "when the corporate entity is used to perpetrate fraud." *Id.*; *Parks v. Macro-Dynamics, Inc.*, 591 P.2d 1005, 1009 (Ariz. Ct. App. 1979). Here, Flannel's managing member is Pupunu, not Danube or Rex. Pununu also is the sole member and manager of Malohi (Flannel's other member), and the person alleged to have signed the agreement and guaranty. Although Entzminger claims that Danube and Rex received the benefit of his investment funds and knew about Richard's fraudulent conduct, these allegations are contradicted by Rex's affidavit and therefore are not presumed true. *See Data Disc*, 557 F.2d at 1284 ("If only one side of the conflict was supported by affidavit, our task would be relatively easy, for we may not assume the truth of allegations in a pleading which are contradicted by affidavit."); *Compass*, 2008 WL 2945585, at *3 ("Allegations in a complaint, when contradicted by affidavit, are not enough to confer personal jurisdiction over a nonresident defendant."). Entzminger's allegations, at most, establish that Danube was a passive member of Flannel. He has not shown a unity of ownership or interest between Flannel and Danube or Rex.

For these reasons, Entzminger has not met his burden to show that Danube and Rex purposefully directed any of their activities at him or at Arizona, or that they performed any acts by which they purposefully availed themselves of the privilege of conducting business in the forum. Accordingly, the Court finds that it lacks personal jurisdiction over these defendants.

**IT IS ORDERED** that Defendants Rex Baldwin and Blue Danube LC's motion to dismiss (Doc. 17) is **GRANTED**. Defendants Rex Baldwin and Blue Danube LC are

dismissed for lack of personal jurisdiction.

Dated this 15th day of May, 2017.

Douglas L. Rayes
United States District Judge